IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALPHONSO BUTLER, JR., | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:23-CV-1233-O |
| | § | (NO. 4:22-CR-011-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Alphonso Butler, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, the reply, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On January 12, 2022, Movant was named in a three-count indictment charging him in count one with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in count two with possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and in count three with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). CR ECF No.[1] 3. Movant initially entered a plea of not guilty. CR ECF No. 14. He later entered into a plea agreement pursuant to which he agreed to plead guilty to count one of the indictment and the

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-CR-011-O.

government agreed to dismiss the remaining charges and not to bring any additional charges. CR ECF No. 19. The plea agreement also included Movant's waiver of the right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances. *Id.* The plea agreement reflected that Movant had thoroughly reviewed all legal and factual aspects of the case with his lawyer and was fully satisfied with his representation, that the plea was freely and voluntarily made and not the result of any force or threats or promises, and that the sentence would be wholly within the Court's discretion. *Id.* Movant and his attorney also signed a factual resume setting forth the elements of count one of the indictment, the penalties Movant faced, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 18. On February 9, 2022, Movant appeared for rearraignment. He testified under oath that: he signed the plea agreement; he read and understood it before signing; he understood that he was waiving his right to appeal and had discussed it with his attorney; he voluntarily entered into the plea agreement; no one had made any promises to induce him to plead guilty; he understood the penalties he faced; he signed the factual resume; he had read and understood the factual resume before signing it; and, the facts stated in the factual resume were true and correct. CR ECF No. 39.

The Court sentenced Movant to a term of imprisonment of 120 months. CR ECF No. 34. Movant appealed despite having waived the right to do so. CR ECF No. 36. His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), which was granted, the United States Court of Appeals for the Fifth Circuit determining that the appeal presented no nonfrivolous issue for review. *United States v. Butler*, No. 22-10591, 2022 WL 17492272 (5th Cir. Dec. 7, 2022). Movant did not file a petition for writ of certiorari.

## II.   GROUNDS OF THE MOTION

Movant asserts five grounds in support or his motion. He alleges that: (1) he received ineffective assistance of counsel; (2) the Court lacked subject matter jurisdiction; (3) there was prosecutorial misconduct; (4) there was fraud upon the Court; and (5) the Court failed to advise Movant about his right to allocution. ECF No.[2] 1.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.     ANALYSIS**

All of Movant's grounds except ineffective assistance of counsel are procedurally barred as they were not, but should have been, raised on direct appeal.[3] *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). Movant must show both cause and prejudice to be entitled to proceed. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *Shaid*, 937 F.2d at 232. He makes no attempt to meet the test. In addition, these claims were waived by Movant's plea agreement. CR ECF No. 19, ¶ 12. The waiver was knowing and voluntary, ECF No. 39 at 29–30, and precludes Movant from pursuing these grounds here. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). And, in any event, the grounds are wholly frivolous and conclusory. The Court had jurisdiction over the offenses charged and over Movant. *United States v. Webb*, 220 F. App'x 293 (5th Cir. 2007); *United States v. Almestica-Collazo*, 46 F.3d 67 (5th Cir. 1995); *United States v. Lopez*, No. H-08-187, 2019 WL 1426344, at *2 (S.D. Tex. Mar. 29, 2019) (collecting cases). There is no evidence of prosecutorial misconduct or fraud. And, the Court gave Movant an opportunity to speak on his own behalf. CR ECF No. 40 at 7.

As for the allegation that Movant received ineffective assistance of counsel, Movant has failed to provide any independent indicia of the likely merits of any of this ground. *United Staes v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). His allegations are conclusory and frivolous. *Miller*, 200 F.3d at 282. Failure of counsel to make frivolous objections or arguments is not ineffective assistance. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

---

[3] Movant claims to have raised his jurisdictional issue on appeal. ECF No. 11 at 1. The letter from his counsel, attached as an exhibit to the reply, explains why the issue could not be raised. *Id.*, Ex. To the extent Movant attempted to raise the issue in his response to the *Anders* brief, the Fifth Circuit determined that it was frivolous. *Butler*, No. 22-10591.

Even if Movant could show that his counsel's conduct fell below an objective standard of professional reasonableness, and he cannot, he has not shown that he was prejudiced as a result. In a case like this one, where Movant entered a guilty plea, he must show that there is a reasonable probability that, but for counsel's errors, he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Outside Movant's *ipse dixit*, there is no reason to believe that he would have insisted on going to trial. *Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."). Instead, courts look to contemporaneous evidence to substantiate the defendant's expressed preferences. *Id.*; *United States v. Valdez*, 973 F.3d 396, 402–03 (5th Cir. 2020). But, Movant has presented nothing and the record does not reflect that he would have gone to trial. The transcript of the rearraignment clearly reflects that Movant's plea was knowing, voluntary, and intelligent. At no time did he express any dissatisfaction with his attorney or move to have him withdrawn. Rather, he accepted the benefit of the government's agreement not to bring additional charges and to dismiss the remaining counts of the indictment. Movant has not overcome the strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

## V.    CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the motion and in the motion to correct court records, ECF No. 5.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **3rd day** of **April, 2024**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**